**Order entered April 25, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-00868-CV

### BRIGETTA D'OLIVIO, Appellant

### V.

### GREG FOX, Appellee

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-05606**

## ORDER

We **REINSTATE** this appeal.

By order dated March 11, 2019, the Court ordered the trial court to conduct a hearing and make written findings concerning the accuracy of the clerk's and reporter's records. The trial court conducted a hearing on April 1, 2019. A supplemental clerk's record with the trial court's findings signed on April 17, 2019 was filed on April 19, 2019.

With regard to the clerk's record, the trial court found that appellant "has been less than candid or accurate in her pleadings with the Court of Appeals", and that "[t]he vast majority of the documents in the supplemental requests are included in the 3/12/19 filings by the District Clerk." The trial court further found: (1) Defendant's Motion to Exclude Expert Testimony and Report was never accepted for filing; (2) signed Order Denying Defendant's Motion to Compel

Arbitration and signed Order Denying Defendant's Amended Special Exceptions do not exist; (3) Plaintiff's Response to Motion to Compel filed November 14, 2017, Plaintiff's Designation of Expert Witness filed on February 10, 2017, and Attorney Clark's Response to Defendant's Amended Motion to Set Aside and Motion to Quash filed on or about November 16, 2017 do exist but were not requested until April 4, 2019, three days after the hearing; (4) Plaintiff's Motion for Sanctions filed on September 19, 2017 does exist but the trial court was unable to locate a request for such pleading by appellant; (5) Notice of Intent to Dismiss dated June 27, 2016 and Defendant's Answer to Motion to Withdraw filed August 21, 2017 were available for inclusion in a supplemental clerk's record; (6) Deposition Transcript dated August 11, 2017 was never filed with the District Clerk; and (7) Notice of Past Due Findings of Fact and Conclusions of Law could not be located and appellant produced no evidence at the hearing that such document was ever filed.

With regard to the reporter's record, the trial court found that while appellant complains of multiple defects in the reporter's record, "some serious and substantive," appellant did not give specifics to support the allegations. With respect to appellant's specific allegations, the trial court found: (1) Exhibits DX4 and DX7 were never admitted into evidence; (2) Exhibit DX21 was never offered, admitted into evidence, or discussed at trial; (3) Exhibits PX2, PX10, and PX76 were properly admitted into evidence and included in the reporter's record; (4) appellant "brought forth no probative evidence that the Reporter's Record contains changed or altered testimony"; and (5) appellant's allegation that the court reporter "fabricated" an exhibit was "wholly without merit and may, in fact, constitute sanctionable conduct." The alleged fabrication concerned Exhibits PX81, PX82, and PX83 which are transcriptions from audio of three phone conversations played in the courtroom at trial. The trial court found the CDs of the

audio recordings were not submitted at trial but that counsel for the plaintiffs said he still had them.

Following the April 1 hearing, counsel for the plaintiffs submitted the three CDs related to Exhibits PX81, PX82, and PX83. The trial court listened to the audio on the CDs while reading the transcriptions that are included in the reporter's record and found that they "accurately duplicate with reasonable certainty the original exhibits."

In preparing for the hearing, the trial court determined on its own and made a finding that two exhibits, PX53 and PX68 were properly admitted at trial but were not included in the reporter's record. The trial court also determined the reporter's record shows that Exhibit PX77 was admitted but is not included in the reporter's record. The Court found Exhibit PX77 was never tendered to it or the court reporter and, thus, was not considered in any of its rulings.

We **ADOPT** the trial court's findings.

By order signed on April 18, 2019, the trial court ordered Felicia Pitre, Dallas County District Clerk, to file a supplemental clerk's record containing: (1) appellant's request for supplemental clerk's record filed on April 4, 2019; (2) the trial court's April 17, 2019 findings of fact; (3) the Judgment Nunc Pro Tunc filed April 19, 2019; and (4) the Findings of Fact and Conclusions of Law filed on April 18, 2019. Supplemental clerk's records were filed on April 19 and April 22 complying with the trial court's order. The April 19 supplemental clerk's record also includes the Notice of Intent to Dismiss dated June 27, 2016 and Defendant's Answer to Motion to Withdraw filed August 21, 2017. A supplemental clerk's record was filed on April 24, 2019 containing, among other documents, the three documents the trial court found available but not requested until after the hearing.

In the April 18, 2019 order, the trial court also ordered Melba Wright, Official Court Reporter for the 191st Judicial District Court, to file a supplemental reporter's record to include: (1) Exhibits PX53 and PX68; (2) to file a corrected Master Index "noting that PX77 was never physically tendered and is therefore not physically present in the Reporter's Record on file with the Court of Appeals"; and (3) the CDs labeled as Exhibits PX81, PX82, and PX83. The corrected reporter's record was filed on April 19, 2019.

Appellant shall file her brief on the merits no later than **May 31, 2019**.

/s/    BILL WHITEHILL
       JUSTICE